**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001073
11-APR-2013
12:09 PM**

NOS. CAAP-12-1073 and CAAP-12-1075

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### NO CAAP-12-1073
STATE OF HAWAI'I, Plaintiff-Appellee, v.
HUNNIE VAA, Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P1120007061)

and

### NO CAAP-12-1075
STATE OF HAWAI'I, Plaintiff-Appellee, v.
HUNNIE VAA, Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P1120007061)

ORDER DISMISSING APPEAL
WITHOUT PREJUDICE FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record in CAAP-12-0001073, consolidated with CAAP-12-0001075, it appears that we lack jurisdiction over Defendant-Appellant Hunnie Vaa's appeal from a Judgment dated December 12, 2012 because the judgment is not appealable under Hawaii Revised Statutes (HRS) § 641-12 (Supp. 2012).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2011). HRS § 641-12 provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters."

It appears that the December 12, 2012 judgment is neither a final decision nor a final judgment because the sentencing in this case is incomplete and the judgment was not file stamped. The December 12, 2012 judgment indicates that the district court intends to determine the amount of restitution that Defendant-Appellant must pay as a part of her sentence. Court minutes indicate that on January 11, 2013, a restitution hearing scheduled for February 8, 2013 was cancelled. The record does not indicate whether restitution will or will not be imposed as part of Defendant-Appellant's sentence.

Under similar circumstances in an appeal from a district court judgment in a criminal case, we have held that a judgment is not final and appealable unless the sentence is final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.

-2-

Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). The December 12, 2012 judgment is not final because the judgment indicates that the district court intends to sentence Defendant-Appellant to pay restitution in an amount to be determined at some time in the future and the judgment was not filed. Therefore, the sentence in the December 12, 2012 judgment is not an appealable final judgment under HRS § 641-12. Absent an appealable final judgment in the record on appeal, this court lacks appellate jurisdiction over the consolidated appeals.

Therefore,

IT IS HEREBY ORDERED that Appeal Nos. CAAP-12-0001073 and CAAP-12-0001075 are dismissed for lack of jurisdiction without prejudice to Defendant Appellant asserting a timely appeal from entry of a final decision or judgment in district court Case No. 1P1120007061 after the district court determines whether to impose restitution, and if so, the amount of restitution that Defendant-Appellant must pay as a part of the sentence.

DATED: Honolulu, Hawai'i, April 11, 2013.

Chief Judge

Associate Judge

Associate Judge

-3-